```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------x
```

HUGH COHELEACH,

        Plaintiff,

                                      Memorandum Opinion

    v.                               05 Civ. 8851 (MGC)

BEAR, STEARNS & CO., INC.,

        Defendant.

```
----------------------------------x
```

**CEDARBAUM, J.**

    Plaintiff, a registered securities broker, filed an action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, claiming that defendant brokerage firm improperly exempted him from the wage provisions of that act by failing to pay him for the hours he worked in excess of 40 hours each week. Although plaintiff describes the claim as a collective action, no other plaintiffs have elected to join. The complaint also asserts two pendent claims for class actions under New York State and City laws. Relying on two arbitration agreements signed by plaintiff, defendant moves to dismiss all the claims or alternatively to compel arbitration of the FLSA claim and stay the class action claims. Because no other plaintiff has sought to join

1

plaintiff's FLSA claim, that claim is asserted only in behalf of the one named plaintiff.  Accordingly, defendant's motion to compel arbitration of the FLSA claim is granted.  Defendant's motion to dismiss the class action claims is denied.

## BACKGROUND

According to the complaint, plaintiff was employed by Bear, Stearns & Co. as a stockbroker for approximately three years.  The complaint alleges that throughout his employment plaintiff was regularly required to work more than 40 hours per week.  Plaintiff asserts that he did not receive overtime pay, and that defendant improperly deducted money from his wages.  Although defendant classified plaintiff as an exempt employee under 29 U.S.C. § 207, plaintiff argues that he and his fellow brokers were non-exempt employees entitled to the wage and hour protections of the FLSA.

Plaintiff is a party to two separate arbitration agreements.  One was included in a letter offering him employment (the "Employment Agreement"), and it provides:

> You and the Firm both specifically and knowingly
> and voluntarily agree to a pre-dispute arbitration
> clause so that should any controversy or dispute
> arise in connection with your employment, the
> cessation of your employment or the interpretation
> of this offer letter, you and the Firm agree to
> arbitrate any and all such claims before a neutral
> panel of the National Association of Securities
> Dealers, Inc. (pursuant to its rules, including

> those related to discovery) at an NASD situs
> closest to the last Firm office in which you were
> employed.

The other agreement was included in the Uniform Application for Securities Industry Registration or Transfer (the "U-4") which all brokers working with Self-Regulatory Organizations must sign, and it reads:

> I agree to arbitrate any dispute, claim or
> controversy that may arise between me and my firm,
> or a customer, or any other person, that is
> required to be arbitrated under the rules,
> constitutions, or by-laws of the [National
> Association of Securities Dealers, Inc.] as may be
> amended from time to time and that any arbitration
> award rendered against me may be entered as a
> judgment in any court of competent jurisdiction.

Defendant maintains that both arbitration agreements require plaintiff to arbitrate his claims according to the rules of the National Association of Securities Dealers, Inc. (the "NASD"), and that Rule 10101 of the NASD Code of Arbitration Procedure (the "NASD Rules") requires that any dispute "arising out of employment or termination of employment" of "a person associated with a member against a member" shall be arbitrated.

The parties do not dispute that class actions are ineligible for NASD arbitration. Plaintiff argues that FLSA collective actions are essentially class actions, and that the arbitration agreements do not require claims encompassed

within a class action to be arbitrated.  Defendant responds with three arguments: 1. Plaintiff's FLSA claim is not part of a collective action because no other plaintiff has joined;  2. Only the NASD may decide whether a collective action is ineligible for arbitration under Rule 10301;  3. The arbitration agreements require plaintiff to arbitrate all of his claims in non-class arbitration.

DISCUSSION

Plaintiff's FLSA Claim is Subject to Arbitration

Collective actions under the FLSA and class actions under Rule 23 of the Federal Rules of Civil Procedure both facilitate the pursuit of joint relief for similarly situated plaintiffs.  Class actions, however, bind all class members who do not affirmatively "opt out" of the action.  In contrast, collective actions bind only similarly situated plaintiffs who file written consents to "opt in" to the action.  NASD Rule 10301(d)(1) provides that "a class action shall not be eligible for [NASD] arbitration."  Because plaintiff believes that the NASD would interpret this rule to cover putative collective actions as well as class

actions, plaintiff argues that none of his claims is eligible for arbitration.

Although plaintiff describes his FLSA claim as a collective action under 29 U.S.C. § 216, the action should more accurately be called a putative collective action since no other plaintiff has given "consent in writing to become...a party" to the action as required by 29 U.S.C. § 216(b).

During the eight months this suit has been pending, plaintiff has been free to invite other potential plaintiffs to join his FLSA claim. All potential plaintiffs are registered securities brokers and many were co-workers of the plaintiff.

District courts are given wide discretion in the certification and management of collective actions. <u>Hoffman-LaRouche Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989); <u>Hoffman v. Sbarro</u>, 982 F. Supp. 249, 262 (S.D.N.Y. 1997). Since during the first six months of the pendency of this action no securities brokers sought to "opt in," on May 10, 2006 I issued an order setting July 15, 2006 as the deadline for joining additional plaintiffs. That date has passed, and no additional plaintiffs have elected to become part of this action. Therefore, plaintiff's FLSA claim is an individual one, and subject to NASD arbitration under both

the U-4 and the Employment Agreement.  When a claim is covered by a valid arbitration provision, a district court has no choice but to "make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4; See Dean Witter Reynolds v. Byrd, 470 U.S. 213, 217 (1985).

Since plaintiff has been unable to attract other registered securities brokers and his individual claim is subject to arbitration, it is not necessary to decide whether Rule 10301 applies to collective actions.

Plaintiff is not Required to Arbitrate his Class Claims

In addition to his FLSA claim, plaintiff has brought two putative class actions under state and city laws. Defendant argues that, even though the NASD Rules do not permit plaintiff to arbitrate those claims as part of a class action, plaintiff is required to arbitrate those claims individually.  Defendant relies on cases holding that a plaintiff "who has agreed to arbitrate all claims arising out of [his] employment may not avoid arbitration by pursuing class claims.  Such claims must be pursued in non-class arbitration." Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 665 n. 7 (S.D.N.Y. 1997). See

Champ v. Siegel Trading Co., 55 F.3d 269, 276-77 (7th Cir. 1995).  Defendant argues that, because plaintiff has agreed to arbitrate all claims arising out of employment, if class arbitration is unavailable he must proceed to arbitration as an individual.

Unlike the cases defendant relies on, in this case both parties have agreed to arbitrate pursuant to the rules of the NASD.  NASD Rule 10301(d)(1) provides that a class action is not eligible for NASD arbitration, and subsection (d)(3) of Rule 10301 further provides that:

> [n]o member or associated person shall seek to enforce any agreement to arbitrate against a customer, other member or person associated with a member who has initiated in court a putative class action...until (A) the class certification is denied; (B) the class is decertified; (C) the [plaintiff] is excluded from the class; or (D) the [plaintiff] elects not to participate in the putative or certified class action...

As a member of the NASD, defendant is bound by this rule.  The U-4 explicitly incorporates the NASD Rules and therefore that agreement does not require plaintiff to arbitrate his class claims.  Defendant argues that the Employment Agreement is broader than the U-4 and requires arbitration in circumstances that the U-4 may not.  Even if the Employment Agreement were broader than the U-4, it still requires defendant to arbitrate pursuant to the NASD Rules.

This agreement necessarily includes defendant's promise under Rule 10301(d)(3) not to "seek to enforce any agreement to arbitrate against a person ... who has initiated in court a putative class action."

If defendant were correct and employees did waive their ability to bring class actions by signing the Employment Agreement, defendant would appear to be in violation of NASD Rule IM-10100:

> Action by members requiring associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure shall constitute conduct that is inconsistent with just and equitable principles of trade and a violation of [NASD Rules].

In signing the U-4 and Employment Agreement, plaintiff did not agree to arbitrate claims encompassed within a putative class action unless and until class certification is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied. Defendant's motion to compel arbitration of the FLSA claim is granted. Plaintiff's class action claims are stayed pending the outcome of NASD arbitration. SO ORDERED.

Dated: New York, New York
       July 26, 2006

                                      S/_____
                                        MIRIAM GOLDMAN CEDARBAUM
                                       United States District Judge